UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

CHAPTER 13
CASE NO. 13-11539

IN RE: DONNALEE M. DEMERS,
    Debtor

## DEBTOR'S MEMORANDUM IN SUPPORT OF LIMITED OBJECTION TO CLAIM

America's Servicing Company's on Behalf of Deutsche Bank National Trust Company(hereinafter "ASC") seeks payment of $1979.40 in attorney's fees, advertising costs, and title expenses, relating to the commencement of a pre bankruptcy foreclosure proceeding against the Debtor's residence. The Debtor concedes that she was delinquent on her mortgage prior to commencing her bankruptcy case. She is not challenging the right of ASC to collect the pre bankruptcy delinquent payments, interest charges and other non foreclosure related expenses. However, the remaining sums referenced above should be stricken from its claim because ASC failed to provide a proper notice of default prior to acceleration and the commencement of foreclosure. Accordingly, ASC should not be reimbursed for its acceleration and foreclosure related expenses.

**Factual History**

The following facts are undisputed and extremely straightforward:

1.) On November 15, 2005, Debtor executed a mortgage agreement regarding her primary residence located at 40 Florida Street, Woonsocket, RI that contained the following standard provision:

"**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and the sale of the Property. **The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.** If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or is designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it." Emphasis Added. (See Proof of Claim # 4 filed on 8/12/13, Part 3 pages 1 -16.);

2.) Foreclosure proceedings were commenced in early 2013 and on June 7, 2013, Debtor filed a Chapter 13 bankruptcy petition to prevent the foreclosure on her home;

3.) On or about August 12, 2013, ASC filed a Proof of Claim seeking payment of pre-petition arrearages totaling $14, 181.61;

4.) On October 17, 2013 Debtor filed a limited objection to ASC's Proof of Claim challenging entitlement of $1,170.00 for attorney's fees, $534.40 of advertising costs, and $275.00 in title costs;

5.) ASC has admitted through requests for admissions that: (1) on or about September 17, 2012, ASC sent Debtor a notice that she was in default and that if she failed to cure ASC would accelerate payments due on the note and pursue the remedies in the mortgage; (2) that on or about September 17, 2012, ASC sent the debtor an acceleration notice in accordance with

paragraph 22 of the mortgage documents and (3) that the attached "Exhibit A" is a true and accurate copy of the acceleration notice referenced above.

**Legal Issue Presented:**

Should a mortgage holder/assignee be entitled to be paid for its legal fees and costs pertaining to a foreclosure when the note and mortgage were not properly accelerated?

**Argument**

It is black letter law that mortgages are creatures of contract. See Bucci v. Lehman Brothers Bank, FSB 68 A.3rd 1069 ( R.I. 2013). In Rhode Island "it is well established that a document must be viewed in its entirety, and the contract terms must be assigned their plain and ordinary meanings. Rivera v. Gagnon, 847 A.2d 280, 284 (R.I. 2004) (Quoting Rubery v. Downing Corp., 760 A.2d 945, 947 (R.I.2000) (per curiam). The Debtor was delinquent on her mortgage payments and ASC clearly had the right to exercise acceleration remedies in accordance with paragraph 22 of the mortgage. However, paragraph 22 contains a clear unambiguous condition precedent to acceleration. Before the mortgage can be accelerated, ASC was required to tender a notice that "shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale." It is undisputed that the September 17, 2012 acceleration notice provided to the Debtor did not inform her of her right to commence a court proceeding to challenge the existence of the alleged default. Providing a proper notice of default was a condition precedent to the exercise of the statutory power of sale provided for in paragraph 22 of the mortgage document.

Rhode Island is a non judicial foreclosure state. Oversight of the foreclosure process in the consumer arena is generally nonexistent. Nevertheless, a mortgagee has a duty to comply

with the terms and conditions of the documents that it drafted. The September 17, 2012 notice of default was unquestionably defective. Therefore, ASC did not have the power to accelerate this mortgage. They likewise should not be compensated for reasonable expenses pertaining to the acceleration and subsequent foreclosure process.

**Conclusion**

For the foregoing reasons, Debtor's limited objection to America's Servicing Company's proof of claim should be sustained.

> Donnalee M. Demers
> By her Attorney,
>
> /s/Christopher M. Lefebvre
> P. O. Box 479
> Pawtucket, RI 02862
> (401)728-6060
> Bar # 4019

**CERTIFICATION OF SERVICE**

I hereby certify that on January 21, 2014, I electronically filed Debtor's Memorandum in Support of Limited Objection to Claim with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically: Office of the U.S. Trustee, John Boyajian, Esq. and Joseph Dolben, Esq.; and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants:None

> /s/Christopher M. Lefebvre