UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In Re: Donnalee M. Demers                Case No. 13-11539
                                         Chapter 13

## MEMORANDUM IN OPPOSITION TO DEBTOR'S OBJECTION TO PROOF OF CLAIM

Now comes America's Servicing Company ("ASC") as servicing agent for Deutsche Bank National Trust Company, a Trustee for Morgan Stanley Capital I Inc. Trust 2006-NC2 Mortgage Pass-Through Certificates, Series 2006-NC2 ("Deutsche Bank") a creditor and party in interest herein, and, by and through its undersigned counsel, hereby submits the within memorandum.

FACTS AND TRAVEL

On November 15, 2005, New Century Mortgage Corporation extended a loan Donnalee M. Demers ("Debtor") and William J. Demers in the original principal amount of $170,000.00 (the "Loan"). The Loan is evidenced by a promissory note (attached hereto as Exhibit "A", the "Note") and secured by a mortgage (attached hereto as Exhibit "B", the "Mortgage") on Debtor's property located at 40 Florida Street, Woonsocket, RI 02895 (the "Property"). Deutsche Bank is the current holder of the Note and Mortgage. ASC is the servicing agent for Deutsche Bank and collects payments on its behalf.

Paragraph 7(E) of the Note states the following:

> "**(E) Payment of Note Holder's Costs and Expenses**
> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

Paragraph 14 of the Mortgage states the following:

> **"14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees…"

Finally, Paragraph 22 of the Mortgage states the following:

> **"22. Acceleration Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and the sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by tills Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**
>
> **If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it."**

On June 15, 2008, July 20, 2008, August 17, 2008 and October 19, 2008, ASC mailed

notices of default to Debtor as a result of Debtor's default on the Note and Mortgage by

reason of nonpayment (attached hereto as Exhibit "C").  Each of the aforementioned notices of default advised Debtor that, "[i]f foreclosure is initiated, you will have the right to bring a court action to refute the existence of a default or offer any other defense to acceleration you may deem appropriate."  On September 17, 2012, ASC mailed to Debtor another notice of default as a result of Debtor's default on the Note and Mortgage by reason of nonpayment (the "Notice", attached hereto as Exhibit "D").  The Notice advised Debtor that, "[i]f foreclosure is initiated, you have the right to argue that you did keep your promises under the Mortgage Note and Mortgage, and to present any other defenses that you may have."  Debtor failed to cure the default evidenced in the Notice and Deutsche Bank accelerated the Note and initiated foreclosure proceedings.  As a result of initiating the foreclosure action, Deutsche Bank incurred attorneys' fees and costs in the amount of $1,979.40.  Debtor does not dispute the underlying default on the Note and Mortgage.[1]  Debtor does not assert in her papers that the attorneys' fees and costs are unreasonable.

On June 7, 2013, Debtor filed a petition for bankruptcy protection under Chapter 13 of Title 11 of the United States Code.  On August 12, 2013, ASC filed a Proof of Claim on behalf of Deutsche Bank and included the $1,979.40 in attorneys' fees and costs as a part of its pre-petition claim (the "POC").  On October 17, 2013, Debtor filed an Objection to the POC and asserted that the attorney's fees and costs should be disallowed.  This Court held a hearing on the Objection to the POC on December 4, 2013.  Counsel for Debtor and ASC agreed that the issue presented is a question of law and the Court ordered the parties to submit legal memoranda.

---

[1] See Page 1 of Debtor's Memorandum in Support of Limited Objection to Claim, Docket No. 37.

DISCUSSION

Despite her admitted default on the Note and Mortgage, Debtor argues that ASC may not collect its pre-petition out-of-pocket attorneys' fees and costs.  This is because, she claims, the September 17, 2012 demand letter did not specifically state that she had the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.  Although ASC advised Debtor of this right in prior notices, she contends that the failure to mirror the exact language of Paragraph 22 of the Mortgage should alleviate her contractual obligation to reimburse ASC for its expenses.

While ASC denies that it failed to comply with Paragraph 22, it asserts that, even if it did breach, this would not impact its legal right to collect the sums in question. Quite simply, in addition to the right to collect attorneys' fees and costs in Paragraph 22, the Note and Mortgage contain ample and specific other provisions that give ASC the right to collect its expenses incurred in connection with Debtor's default.  Specifically, paragraph 7(E) of the Note and paragraph 14 of the Mortgage clearly state that the holder of the Note and Mortgage may charge the borrower for its expenses resulting from Debtor's default.  *See Supra*.  Even ignoring these sections and looking only at paragraph 22 of the Mortgage, it is arguable that these fees and costs would still be recoverable.  Paragraph 22 states that, "**Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**"  Debtor does not dispute the reasonableness of the attorneys' fees and costs, thus, a technical failure in the notice requirement of this section is irrelevant. To put it another way, the alleged failure to comply with the requirements of

Paragraph 22 of the Mortgage would constitute a non-material breach of the Mortgage contract and would not relieve the parties of their other rights and duties, specifically, ASC's right to collect attorneys' fees and costs.

Even if the Court finds that a defective demand notice would relieve Debtor of her obligation to reimburse ASC for its attorney's fees and costs, the facts of this case do not support a finding that the Notice was fatally flawed. First, Debtor received numerous prior notices of her default that did contain the language that she complains was lacking from the Notice in question. Therefore, she was on notice of her "right to bring a court action to refute the existence of a default or offer any other defense to acceleration you may deem appropriate." Second, the Notice did advise Debtor of her "right to argue that you did keep your promises under the Mortgage Note and Mortgage, and to present any other defenses that you may have." In substance, these two statements provide the same notice to the borrower with respect to the right to dispute the default in the event of acceleration.

## CONCLUSION

ASC agrees with Debtor's legal conclusion that, "[i]n Rhode Island 'it is well established that a document must be viewed in its entirety, and the contract terms must be assigned their plain and ordinary meanings.' *Rivera v. Gagnon*, 847 A.2d 280, 284 (R.I. 2004) (Quoting Rubery v. Downing Corp., 760 A.2d 945, 947 (R.I. 2000) (per carium)." Here, looking at the Note and Mortgage in their entirety, it is clear that Debtor agreed that she could be charged for reasonable attorneys' fees and costs in the event of her

default.  For this and all of the other reasons presented in this memorandum, ASC prays that this Honorable Court overrule Debtor's Objection to Proof of Claim.

          America's Servicing Company
          By its Attorneys,

          /s/ Joseph M. Dolben_____
          Joseph M. Dolben, Esq 7916
          Marinosci Law Group, P.C.
          275 West Natick Road, Suite 500
          Warwick, RI 02866
          (401) 234-9200
Dated:  February 21, 2014      jdolben@mlg-defaultlaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In Re: Donnalee M. Demers        Case No. 13-11539
                                 Chapter 13

### CERTIFICATION OF SERVICE

      I hereby certify that on February 21, 2014, I electronically filed a Memorandum in Opposition to Debtor's Objection to Proof of Claim with the Clerk of the Bankruptcy Court for the District of Massachusetts using the CM/ECF System. The following participants have received notice electronically:

      **Christopher Lefebvre, Esq.**   Debtor's Counsel
      **John Boyajian, Esq.**   Chapter 13 Trustee
      **Gary L. Donahue, Esq.**   United States Trustee

And I hereby certify that I have mailed by United States Postal Service, the document electronically filed with the court to the following non CM/ECF participants:

Donnalee M. Demers
40 Florida Street
Woonsocket, RI 02895

                /s/Joseph M. Dolben